Court 12/5/07
The adopts, without qualification, Judge Mann's eminently sensible recommendation.
So ordered
s/ Judge Raymond J. Dearie

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TOKIO MARINE AND FIRE INSURANCE
CO. LTD., et al.,

                          **Plaintiffs,**

         -against-

INGRID K. ROSNER,

                          **Defendant.**
----------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

**02-CV-5065 (RJD)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court, on a referral from the Honorable Raymond J. Dearie, is a motion to enforce judgment brought by plaintiffs Tokio Marine and Fire Insurance Co. Ltd. ("Tokio Marine") and Toyota Motor Credit Corp. ("TMCC") (collectively "plaintiffs"). On November 23, 2005, Judge Dearie entered judgment against defendant Ingrid K. Rosner ("Rosner" or "defendant") in the amount of $782,076.65 plus interest, and the Second Circuit affirmed one year later. Defendant has not satisfied the judgment, and plaintiffs now request permission to enforce it against assets located at the offices of IKR Pediatric Allergy and Pulmonology, P.C. ("IKR").

      Plaintiffs contend that IKR's assets should be seized and sold in satisfaction of the judgment, because IKR was formed by defendant for the purpose of protecting property from plaintiffs' claims. Defendant disputes plaintiffs' contentions regarding IKR's origin, and counters that the Court should not disregard IKR's corporate form. Alternatively, defendant asserts that IKR's assets are exempt from execution under New York State law since they are necessary to her calling as a physician.

the judgment through a marshal's seizure and sale, on condition that defendant pay a reasonable monthly sum towards the outstanding balance.

## CONCLUSION

For the foregoing reasons, the Court recommends that plaintiffs' application for a marshal's seizure and sale of IKR's assets be denied, on condition that defendant make reasonable monthly payments on account of the judgment. The parties are directed to attempt to settle the amount of the monthly payments and to notify the Court of the results of their efforts by December 7, 2007. If the parties cannot reach agreement, plaintiffs may, by December 14, 2007, move for an order of income execution; defendant's response will be due by December 21, 2007.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Raymond J. Dearie on or before November 30, 2007. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

Dated: Brooklyn, New York
November 16, 2007

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE